UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC ABLETT and KATHERINE ABLETT<br>1437 E Street, NE<br>Washington, DC  20002<br><br>       Plaintiffs,<br><br>  v.<br><br>KRISTIN CUMMINS<br>1286 Ballantrae Farm Drive<br>McLean, Virginia  22101<br><br>SCOTT ROYAL SMITH, Trustee<br>     of the 1435 E Street NE Trust<br>1100 Azie Morton Road, #1105<br>Austin, Texas  78704<br><br>       Defendants. | Civil Action No.<br><br>_____ |

## COMPLAINT

For their complaint against defendants Kristin Cummins and Scott Royal Smith, trustee, plaintiffs Eric Ablett and Katherine Ablett state as follows:

### The Parties and Jurisdiction

1. Plaintiff Eric Ablett is a citizen of the District of Columbia, residing at 1437 E Street, NE.

2. Plaintiff Katherine Ablett is a citizen of the District of Columbia, residing at 1437 E Street, NE.

3 Defendant Kristin Cummins is a citizen of the Commonwealth of Virginia and the former owner of real property in the District of Columbia located at 1435 E Street, NE.

4.  Defendant Scott Royal Smith is a citizen of the State of Texas and the current owner of real property in the District of Columbia located at 1435 E Street, NE.

5.  The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## THE FACTS

### The Construction and Excavation at 1435 E Street, NE

6.  The Abletts purchased their home at 1437 E Street, NE, in June 2021.

7.  Defendant Cummins has owned the neighboring house at 1435 E Street, NE, for several years prior to the events of this litigation.

8.  In the Spring of 2022, defendant Cummins commenced construction and renovation on her house, which involved, *inter alia*, excavation of the foundation to create an expanded basement level and two-story addition to the house.

9.  The construction and excavation undertaken by defendant Cummins on her house caused the back portion of the Abletts' home to settle; indeed, workers employed by defendant Cummins wedged a short wooden beam underneath the Abletts' home in an attempt to avoid further settling.

10. The construction undertaken by defendant Cummins on her house caused cracks to occur in the joints of the drywall in the Abletts' home.

11. The construction undertaken by defendant Cummins on her house caused a wooden post at the end of the Abletts' property – to which is attached one half of the gate to their driveway entrance – to be moved and turned askew, damaging the gate and making it difficult to close.

12. Defendant Cummins has failed to remedy the problems identified by the Abletts which were caused by the construction at 1435 E Street, NE.

### **The Fraudulent Transfer of Title to 1435 E Street, NE**

13. On November 10, 2022, the Abletts' counsel wrote defendant Cummins a letter detailing these problems and asking how she intended to rectify them.

14. On November 18, 2022, defendant Cummins transferred title to her house at 1435 E Street, NE, for no consideration to defendant Smith, as trustee of the 1435 E Street NE Trust.

15. Defendant Smith, a Texas attorney, touts his ability on www.royallegalsolutions.com to provide asset protection to landowners by making the ownership of real estate anonymous, hence unable to be reached by creditors of the owners.

16. Despite the transfer of title to defendant Smith, defendant Cummins remains in possession of 1435 E Street, NE.

### **The Broken Promise to Join the Exterior Walls**

17. The exterior walls between the structures at 1435 E Street, NE and 1437 E Street, NE are less than a foot apart.

18. In 2022 and 2023, there was a patch on the exterior wall of the Abletts house next to 1435 E Street, NE that needed to be repaired.

19. In March 2023, defendant Cummins promised that she would join the walls of the two structures, creating a party wall, such that repair of the patch on the Abletts' home was rendered unnecessary.

20. In reliance on defendant Cummins' promise, the Abletts did not repair the patch on the 1437 E Street, NE exterior wall and lost their deposit with the with the company they had retained to do the work, all in reliance on Cummins's promise.

21. In breach of her promise, defendant Cummins did not have the walls of the two structures joined, but instead erected the exterior wall of the structure at 1435 E Street, NE, less than a foot away from the Abletts' home, leaving the patch unrepaired but also leaving insufficient room for access to conduct the needed repairs.

## Count I
### (Negligence)

22. The Abletts repeat the allegations contained in paragraphs 1 through 21.

23. A person undertaking construction, alteration or demolition of real estate in the District of Columbia has a non-delegable duty to protect adjoining private property from damage.

24. Defendant Cummins negligently breached this duty by arranging for the construction, alteration and demolition of the structure at 1435 E Street, NE which caused damage to the Abletts' home at 1437 E Street, NE.

WHEREFORE, the Abletts pray judgment as hereinafter set forth.

## Count II
### (Strict Liability)

25. The Abletts repeat the allegations contained in paragraphs 1 through 21.

26. A person undertaking construction, alteration or demolition of real estate in the District of Columbia has a non-delegable duty to protect adjoining private property from damage and is strictly liable for any damage caused by such construction, alteration or demolition.

27. Defendant Cummins breached this duty by arranging for the construction, alteration and demolition of the structure at 1435 E Street, NE, which caused damage to the Abletts' home at 1437 E Street, NE.

28. Defendant Cummins is strictly liable for the damage that was caused to the Abletts' home.

WHEREFORE, the Abletts pray judgment as hereinafter set forth.

### Count III
### (Trespass)

29. The Abletts repeat the allegations contained in paragraphs 1 through 21.

30. The construction and excavation undertaken on the property at 1435 E Street, NE by defendant Cummins caused vibrations, amounting to trespass, which unsettled the foundation of the Abletts' home, resulting in damage to the home.

WHEREFORE, the Abletts pray judgment as hereinafter set forth.

### Count IV
### (Breach of Contract)

31. The Abletts repeat the allegations contained in paragraphs 1 through 21.

32. Defendant Cummins promised to join the walls of the structures at 1435 E Street, NE and 1437 E Street, NE.

33. In reliance on that promise, the Abletts abandoned their plans to repair the patch on their exterior wall and lost the deposit they had given to a contractor to do the repair work.

34. Defendant Cummins breached her promise, did not join the walls of the two structures and built the exterior wall of the structure at 1435 E Street, NE so close to the Abletts' home as to preclude the performance of the necessary repairs.

35. The Abletts' legal remedy is insufficient to remedy the harm that was caused by this breach of contract.

WHEREFORE, the Abletts pray judgment as hereinafter set forth.

### Count V
### (Fraudulent Transfer)

36. The Abletts repeat the allegations contained in paragraphs 1 through 21.

37. The transfer of the title of the property at 1435 E Street, NE from defendant Cummins to defendant Smith was made for no consideration, was made to an individual who advertises the creation of trusts with himself as trustee as a way to avoid creditors, was made after the Abletts put defendant Cummins on notice that the construction had caused them damage which they expected her to remedy and left defendant Cummins in full possession of the property.

38. The transfer of the title of the property at 1435 E Street, NE from defendant Cummins to defendant Smith was made with actual intent to hinder, delay, and defraud the Abletts.

39 The Abletts have no adequate remedy at law.

WHEREFORE, the plaintiffs Eric and Katherine Ablett pray that:

A.  Judgment be entered against defendant Cummins for One Hundred Thousand Dollars ($100,000.00) or such other amount sufficient to remedy the damage done to their home;

B.  Judgment be entered against defendants Smith and Cummins, directing them (i) to allow the Abletts and their designees to enter the premises at 1435 E Street, NE to repair the patch on the side of their home and (ii) to demolish any portion of the structure at 1435 E Street, NE necessary to enable these repairs to be effectuated;

C.  Judgment be entered against defendants Smith and Cummins, directing them to reverse the transfer of title of the property at 1435 E Street, NE; and

D.  The Court award them their costs of suit and such further relief as is just and equitable.

Dated:  December 8, 2023

HARVEY LAW OFFICES, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Telephone: (571) 771-0028
Facsimile: (703) 888-1930

/s/ *Philip J. Harvey*
Philip J. Harvey (#252080)
pjharvey@harveylawofcs.com

*Counsel for the Plaintiffs*